[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11415
Non-Argument Calendar

_____

D.C. Docket No. 8:07-cr-00366-RAL-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WENDALL JAMES MARTIN,
a.k.a. L.J.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 12, 2013)

Before DUBINA, Chief Judge, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Appellant Wendall James Martin appeals the district court's *sua sponte*

denial of a sentence reduction under 18 U.S.C. § 3582(c)(2), based on Amendments 750 and 759.  On appeal, he argues that the district court intended to sentence him based on the guideline range, not the applicable statutory mandatory minimum.  As a result, Martin caims that he is entitled to § 3582(c)(2) relief because the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"), lowered his guideline range.  Alternatively, he argues that the FSA applies to him retroactively, and the applicable mandatory minimum, under the FSA, is now five years instead of ten years.

We review for abuse of discretion a district court's denial of a defendant's § 3582(c)(2) motion to reduce sentence.  *United States v. Mills*, 613 F.3d 1070, 1074-75 (11th Cir. 2010).  If the issue below involved a legal interpretation, we review *de novo*.  *United States v. Williams*, 549 F.3d 1337, 1338-39 (11th Cir. 2008).

A district court may modify a term of imprisonment if a defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  If that sentence was based on something other than offense level calculations, however, a guideline amendment would not impact his sentence, and he would be ineligible for relief under § 3582(c)(2).  *Mills*, 613 F.3d at 1076.

2

Specifically, if the defendant's conduct triggered a statutory mandatory minimum, the district court based his sentence on that minimum, not his guideline range. This is true even if the government moved based on U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) for a sentence below the statutory mandatory minimum. *See Williams*, 549 F.3d at 1340. This is because "[a]ny downward departure would . . . be from the mandatory minimum rather than from the base offense level." *Id.*

The FSA, which took effect on August 3, 2010, "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." *Dorsey v. United States*, 567 U.S. ___, ___, 132 S.Ct. 2321, 2329, 183 L.Ed.2d 250 (2012); *see* 21 U.S.C. § 841. It also "instructed the Commission to 'make such conforming amendments to the Federal sentencing guidelines as the Commission determines necessary to achieve consistency with other guideline provisions and applicable law.'" *Dorsey*, 567 U.S. at __, 132 S.Ct. at 2329 (quoting FSA § 8(2), 124 Stat. at 2374). In response, the Sentencing Commission promulgated Amendment 750 to the guidelines, which revised the crack cocaine quantity tables listed in U.S.S.G. § 2D1.1(c), to comply with the FSA's instructions. *See* U.S.S.G. App. C, amend. 750 (Nov. 2011). In Amendment 759, the Commission made Amendment 750

3

retroactively applicable.  *See* U.S.S.G. App. C, amend. 759 (Nov. 2011).

In *United States v. Glover*, 686 F.3d 1203 (11th Cir. 2012), we considered a defendant's argument that Amendment 759 abrogated *Mills* and gave the court authority to reduce his sentence under § 3582(c)(2).  *Id.* at 1204.  Because his guideline range was based on a statutory mandatory minimum which exceeded the otherwise applicable guideline range and because Amendment 750 did not lower his guideline range, he was not entitled to a reduction under § 3582(c)(2).  *Id.* at 1204–05, 1206–07.  We explained further that Amendment 759 does not permit a district court to reduce a defendant's sentence based on an amendment that did not lower his guideline range.  *Id.* at 1208.

The Supreme Court has explained that where a Rule 11(c)(1)(C) plea agreement includes a recommended sentence or guideline range, the district court's sentencing decision "is likely to be based on the guidelines." *Freeman v. United States*, 564 U.S. ___, ___, 131 S. Ct. 2685, 2695, 180 L. Ed. 2d 519 (2011).  If it is, the defendant may seek a reduction under § 3582(c)(2).  *Id.*  In *United States v. Lawson*,  we held that *Freeman* was not on point with cases "where the defendants were assigned a base offense level under one guideline section, but then assigned a total offense level and guideline range under a different guideline section." *Lawson,* 686 F.3d at 1317, 1321 (11th Cir.), *cert.*

4

*denied*, 133 S. Ct. 568 (2012).

The commentary to U.S.S.G. § 1B1.10 provides that a § 3582(c)(2) reduction is inappropriate if an amendment:

> is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)
>
> . . .
>
> (i.e., *the guideline range that corresponds to the offense level and criminal history category* determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance).

U.S.S.G. § 1B1.10, comment. (n. 1(A)) (emphasis added).

Regarding Martin's waiver argument, many of his contentions appear to be foreclosed by our precedent. First, our opinions in *Williams* and *Mills* indicate that his guideline range was based on the mandatory minimum even though the court imposed a sentence below that minimum pursuant to the government's 18 U.S.C. § 3553(e) motion. Second, *Freeman* did not clearly overrule *Williams* or *Mills*, and Martin waived any such argument by failing to raise it in his initial brief. *Freeman* involved a Rule 11(c)(1)(C) plea agreement and an original sentencing proceeding, while *Williams* and *Mills* involved § 3582(c)(2) motions.

5

Third, Martin's citation to U.S.S.G. § 1B1.10 does not help him, either, because the provision he cites makes clear that a § 3582(c)(2) reduction is inappropriate if, as in his case, an amendment does not lower his guideline range because it was based on another provision, such as a mandatory minimum. U.S.S.G. § 1B1.10, comment. (n. 1(A)).

Further, we have rejected waiver arguments like Martin's in the § 5K1.1 context. *Williams*, 549 F.3d at 1340–42. We have stated that the "operative provision in determining the [] applicable sentencing range is the statutory mandatory minimum, . . . not the crack cocaine Guideline." *Mills*, 613 F.3d at 1077. This rule applies even in a situation where the government moved only pursuant to § 3553(e). Accordingly, we reject Martin's waiver argument.

Martin's alternative argument, concerning the FSA's reduction of his mandatory minimum, is resolved by our decision in *United States v. Hippolyte,* ___ F.3d ___, No. 11-15933 (11th Cir. Mar. 14, 2013). In *Hippolyte*, we held that the FSA is inapplicable to defendants who were sentenced before the FSA's effective date. *Id.* at ___; *see also United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012) (same). Because Martin was sentenced in 2008, before the FSA's effective date, the FSA did not alter his mandatory minimum sentence. Accordingly, the district court properly denied his request for a sentencing

6

reduction, and we affirm its order.

**AFFIRMED.**